UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAVID PAUL LYNCH,
    Petitioner,

v.                                                Case No. 8:21-cv-2614-VMC-AEP

UNITED STATES OF AMERICA,
    Respondent.

**UNITED STATES' OPPOSITION TO DAVID PAUL LYNCH'S
MOTION TO ALLOW SUPPLEMENTAL 2255 MOTION**

The United States opposes David Paul Lynch's Motion to Allow Supplemental 2255 Motion. Civ. Doc. 4. The proposed supplemental 2255 claim is untimely and does not relate back to the original 2255 motion, which was also untimely. Accordingly, this Court should deny the motion.

**I.    PROCEDURAL HISTORY**

On November 5, 2021, Lynch filed his original Section 2255 motion. Civ. Doc. 1. On November 29, 2021, the United States filed its opposition to that motion, arguing that this Court should deny the Section 2255 motion as untimely and, in any event, because it lacked merit. Civ. Doc. 3. Thereafter, Lynch's Motion to Allow Supplemental Motion was filed. Civ. Doc. 4. Lynch seeks to add a new claim of ineffective assistance to his 2255 motion, specifically the claim that his defense counsel did not advise Lynch of his right to testify at trial. Civ. Doc. 4-1 at 16.

## II.   MEMORANDUM OF LAW

### A.   Lynch's Motion is Untimely

This Court should deny Lynch's motion to allow a supplemental 2255 motion because the motion, just like the underlying Section 2255 motion, is untimely. Section 2255 allows a prisoner one year to file a motion seeking relief from his conviction and sentence. Lynch's one-year period ran from one year after "the date on which the judgment of conviction [became] final." 28 U.S.C. § 2255(f). Lynch's judgment of conviction became final on March 9, 2020, when the Supreme Court denied his petition for certiorari review, Doc. 156. *See Williams v. United States*, 383 F. App'x 927, 929–30 (11th Cir. 2010). The year guaranteed to Lynch under section 2255(f)(1) expired on March 9, 2021.

Lynch placed his motion to allow a supplemental 2255 motion in the prison mailing system sometime after November 10, 2021[1]—more than seven months after his filing deadline. Civ. Doc. 4. Accordingly, this Court should deny this motion, and dismiss Lynch's original 2255 motion, Civ. Doc. 1—as time-barred. *See Dodd v. United States*, 545 U.S. 353, 358–59 (2005) (affirming Eleventh Circuit's decision holding that untimely section 2255 motion was barred).

---

[1] The motion is dated November 10, 2021, Civ. Doc. 4, but the only date on the mailing is November 22, 2021.

### B. Equitable Tolling Does Not Apply

To the extent that the Covid-19 pandemic could constitute a ground for equitable tolling, Lynch does not prove due diligence nor extraordinary circumstances that prevented timely filing of his 2255 motion, as required for this extraordinary remedy to apply. *See Holland v. Florida*, 560 U.S. 631, 649 (2010). Indeed, Lynch's motion to allow a supplemental 2255 motion, Civ. Doc. 4, does not even address, let alone satisfy, the high standards for the extraordinary remedy of equitable tolling. "The burden of proving circumstances that justify the application of the equitable tolling doctrine rests squarely on the petitioner," Lynch. *San Martin v. McNeil,* 633 F.3d 1257, 1268 (11th Cir. 2011). Because Lynch has shown neither due diligence nor extraordinary circumstances that prevented him from timely seeking collateral relief, this Court should deny his motion to allow a supplemental motion.

In his initial 2255 motion, Lynch argued that this Court should equitably toll the filing limitations period due to his inability to access to legal papers, the law library, and resources due to prison lockdowns and COVID-19. Civ. Doc. 1 at 15.[2] The Eleventh Circuit has held that lockdowns, restricted access to the prison law library, and an inability to secure court documents do not qualify as extraordinary circumstances to warrant equitable tolling. *Akins v. United States*, 204 F.3d 1086,

---

[2] On March 13, 2020, the Bureau of Prisons began to modify its operations in accordance with its Coronavirus (COVID-19) Action Plan to minimize the risk of COVID-19 transmission into and inside its facilities. *See* Federal Bureau of Prisons COVID-19 Action Plan (Mar. 13, 2020), available at https://www.bop.gov/resources/news/20200313_covid-19.jsp.

1089–90 (11th Cir. 2000); *see also Paulcin v. McDonough*, 259 F. App'x 211, 213 (11th Cir. 2007)[3] (lack of access to a law library and legal documents do not constitute extraordinary circumstances); *Castillo v. United States*, No. 16-17028-E, 2017 WL 5591797, at *3 (11th Cir. May 4, 2017) (same; listing cases); *Massena v. United States*, No. 19-CV-80674, 2020 WL 5127632, at *4 (S.D. Fla. July 31, 2020) (same; listing cases).

At least two courts within the Middle District of Florida have held that COVID-19 restrictions do not excuse a petitioner's untimeliness or present extraordinary circumstances for late filing of a 2255 motion. *See Debona v. United States,* Case No. 2:20-cv-537-SPC-NPM, No. 2:15-cr-157, 2021 WL 778820, at *2 (M.D. Fla. Mar. 1, 2021); *United States v. Phillips*, No. 8:20-cv-1862-JDW-AAS, 2021 WL 679259, at *3 (M.D. Fla. Feb. 22, 2021) (denied equitable tolling where the petitioner did not "explain how he was prevented from timely filing" due to the prison lockdowns). These decisions are consistent with the decisions of district courts across the country, declining to grant equitable tolling based on lack of access to a law library and prison lockdowns during the COVID-19 pandemic. *See, e.g.*, *Powell v. United States*, CV 121-023, 2021 WL 2492462, at *4 (S.D. Ga. May 24, 2021) (denied equitable tolling, stating that "Petitioner offers absolutely no details on any efforts he made to ensure he could timely file his § 2255 motion, let alone provide sufficient

---

[3] Cases which address equitable tolling of the statute of limitations under 28 U.S.C. § 2254 are "equally valid" with respect to the statute of limitations in section 2255 cases. *Jones v. United States*, 304 F.3d 1035, 1037 n.4 (11th Cir. 2002).

4

information to satisfy his burden to show due diligence in pursuing his rights."); *United States v. Henry*, No. 2:20-cv-01821, 2020 WL 7332657, at *3–5 (W.D. Pa. Dec. 14, 2020) (denied equitable tolling, stating a movant "must establish that he was pursuing his rights diligently *and* that the COVID-19 pandemic specifically prevented him from filing his motion"); *United States v. Haro*, No. 8:18-cr-66, 2020 WL 5653520, at *2–4 (D. Neb. Sept. 23, 2020) (movant's inability to get legal materials from the law library due to COVID-19 lockdowns did not warrant extraordinary circumstance to warrant equitable tolling). Lynch's conclusory allegations in his initial 2255 motion, Civ. Doc. 1 at 15, that COVID-19 prevented earlier filing of his motion are legally insufficient.

Because Lynch offers no explanation as to why he could not file his section 2255 motion prior to the filing deadline and offers no proof that he was diligently pursuing his rights, he fails to meet his burden of showing that he is entitled to equitable tolling. Therefore, this Court should deny Lynch's motion to amend.

    **C.    The Relation-back Doctrine Does Not Apply**

There is also no basis for this Court to conclude that Lynch's untimely supplemental 2255 motion relates back to his original motion, which was likewise untimely. Lynch's motion does not address, let alone satisfy, the standard for a supplemental motion to relate back to the original motion. That is because the proposed supplemental motion does not relate back at all, but attempts to add an entirely new claim.

Rule 15(c) allows, in specific circumstances, for an amended pleading to "relate back" to the date of the original pleading. A new motion relates back to a previously filed one only if the new claim arises from the same common core of operative facts as the original claim. *Mayle v. Felix*, 545 U.S. 644 (2005). This requires more than the issues having arisen out of the same trial or proceeding. *Farris v. United States*, 333 F.3d 1211, 1215–16 (11th Cir. 2003); *see also Pruitt v. United States*, 274 F.3d 1315, 1319 (11th Cir. 2001); *Davenport v. United States*, 217 F.3d 1341, 1344 (11th Cir. 2000); Fed. R. Civ. P. 15(c). A claim of ineffective assistance of counsel does not relate back to an earlier claim of ineffective assistance of counsel unless the new claim is based on the same actions or inactions of counsel as asserted in the original claim. *See Davenport*, 217 F.3d at 1346.

Here, Lynch's new ineffective assistance claim—that counsel failed to advise him of his right to testify—is separate from and does not relate back at all to his original 2255 claims, which involved defense counsel's failure to call witnesses and obtain an alternative translation of evidence. Because the relation-back doctrine does not save Lynch's untimely motion, this Court should deny the motion.

III. **CONCLUSION**

THEREFORE, the United States respectfully requests that this Court deny Lynch's Motion to Allow Supplemental 2255 Motion, Civ. Doc. 4, because it is untimely.

Should this Court grant the motion over the United States' opposition, the United States requests 60 days to respond to the supplemental 2255 motion.

        Respectfully submitted,

        KARIN HOPPMANN
        Acting United States Attorney

By:   */s/Jennifer L. Peresie*
      Jennifer L. Peresie
      Assistant United States Attorney
      United States Attorney No. 120
      400 N. Tampa St., Ste. 3200
      Tampa, FL 33602-4798
      Telephone: (813) 274-6000
      Facsimile: (813) 274-6358
      E-mail: Jennifer.Peresie@usdoj.gov

**David Paul Lynch v. United States**     Case No. 8:21-cv-2614-VMC-AEP

## CERTIFICATE OF SERVICE

I hereby certify that on December 17, 2021, a true and correct copy of the foregoing document and the notice of electronic filing were sent by United States Mail to the following non-CM/ECF participant:

> David Paul Lynch, No. 23969-111
> U.S. Penitentiary TUCSON
> P.O. Box 24550
> Tucson, AZ  85734

>                             */s/Jennifer L. Peresie*
>                             Jennifer L. Peresie
>                             Assistant United States Attorney
>                             United States Attorney No. 120
>                             400 N. Tampa St., Ste. 3200
>                             Tampa, FL 33602-4798
>                             Telephone: (813) 274-6000
>                             Facsimile: (813) 274-6358
>                             E-mail: Jennifer.Peresie@usdoj.gov